IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABEL BELMONTE, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-2656-G-BK |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
|     DEFENDANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. The Court now considers Defendant's *Motion to Dismiss Plaintiff's Original Petition and Brief in Support*, Doc. 7. As detailed here, Defendant's motion should be **GRANTED**.

### I.  BACKGROUND

On November 7, 2019, Plaintiff filed this *pro se* lawsuit against his former employer, Defendant City of Dallas, for race and national origin employment discrimination under Title VII and the Texas Labor Code, violation of the 14th Amendment Equal Protection Clause, violation of the Lilly Ledbetter Act, and breach of contract. Doc. 3 at 5-7. Plaintiff's Original Petition also makes fleeting references to section 7116 of the Federal Service Labor-Management Relations Act ("FSLMRA") and Chapter 61 of the Texas Labor Code (the "Payday Act"). Doc. 3 at 5-6.

Plaintiff, a Hispanic male, alleges that while working as a detention officer in the Dallas City Marshal's Office, he was required to perform additional tasks because he spoke Spanish. Doc. 3 at 2. Plaintiff had to translate incident reports for Spanish-speaking prisoners and work

nights and extra shifts because a Spanish speaker was required for every shift. Doc. 3 at 3-4. After Plaintiff sought additional pay for his linguistic skills, he was given a Spanish test via telephone, ostensibly to determine how much more he should be paid, but Plaintiff never received any additional pay. Doc. 3 at 4.

On November 15, 2017, Plaintiff resigned. Doc. 3 at 4. Plaintiff alleges that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 3, 2018 (charge number 451-2019-3146, hereinafter referred to as "the 3146 charge") and a complaint with the Texas Workforce Commission ("TWC") in August 2018. Doc. 3 at 4-5.

## II.  APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted). In sum, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Katrina Canal*, 495 F.3d at 205 (internal citation omitted).

## III. PARTIES' ARGUMENTS AND ANALYSIS

### A. Plaintiff's Race and National Origin Discrimination Claims

Defendant argues that Plaintiff's race and national origin employment discrimination claims should be dismissed for failure to timely exhaust administrative remedies. Doc. 7 at 11, 13. Defendant offers as evidence a copy of the 3146 charge. Doc. 8-1 at 1. In response, Plaintiff avers that his claims are not time barred, as equitable tolling applies. Doc. 10 at 2-3.

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). In states such as Texas, which provide a state administrative mechanism to address claims of employment discrimination, a Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days after the discriminatory conduct alleged. 42 U.S.C. § 2000e-5(e)(1); *Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994). Also, a complaint of discrimination under Texas state law "must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred." TEX. LAB. CODE. § 21.202(a). Discrimination claims must include facts showing that there was timely exhaustion of administrative remedies to survive a motion to dismiss under Rule 12(b)(6). *See Stroy v. Gibson on behalf of Dep't of Veterans Affairs*, 896 F.3d 693, 698 & n.2 (5th Cir. 2018) (affirming district court's dismissal without prejudice of plaintiff's retaliation claim under Rule 12(b) when plaintiff offered no justification for his failure to administratively exhaust his claim).

Defendant argues that Plaintiff filed the 3146 charge on September 27, 2019—more than 300 days after his resignation on November 15, 2017. Doc. 7 at 12. In response, Plaintiff avers that he timely filed charge of discrimination number 450-2018-01881 (the "1881 charge") with

the EEOC, which was subsequently transferred to the TWC and then back to the EEOC where it was given the new charge number 450-2019-0314.[1] Doc. 10 at 2-3. Plaintiff's argument fails.

To survive a Rule 12(b) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Here, however, the Complaint is silent as to the purported 1881 charge and administrative delays caused by transfer of that charge between the EEOC and the TWC. Indeed, the only EEOC discrimination charge Plaintiff references in his Complaint is the 3146 charge, which he alleged was filed January 3, 2018. Doc. 3 at 4. In addition, the 3146 charge clearly shows a "RECEIVED" date of September 27, 2019. Doc. 8-1 at 1. Thus, based on the latest possible date of discrimination, November 15, 2017 (the day Plaintiff resigned), the 3146 charge was filed well after the 300-day deadline under federal law (September 11, 2018) and the 180-day deadline under state law (May 14, 2018). *See Tapley v. Simplifile, LC*, No. 3:19-CV-00227-E, 2020 WL 208817, at *2 (N.D. Tex. Jan. 14, 2020) (Brown, J.) (dismissing plaintiff's Chapter 21 claims under Rule 12(b)(6) for failure to exhaust administrative remedies when the date stamp on the charge of discrimination established that the charge was filed the same day as the complaint and therefore not timely, even though the complaint alleged that the charge was timely filed).

Additionally, as Defendant correctly argues, even if Plaintiff can establish that he exhausted the administrative remedies, his Complaint is wholly devoid of any allegations that he was discriminated against in his employment on account of his race or national origin. He has not suggested, much less alleged, that he was denied extra pay because he is Hispanic. *See* discussion *infra* Part III. B.

---

[1] It is unclear whether Plaintiff has misidentified the 3146 charge or is referring to yet another EEOC charge. *See* Doc. 8-1 at 1; Doc. 3 at 4.

Accordingly, Plaintiff's Complaint fails to state plausible facts which, if proven true, establish that he exhausted the administrative remedies as required. Thus, Plaintiff's race and national origin employment discrimination claims should be dismissed.

## B. Plaintiff's Equal Protection Claim

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state an equal protection claim, a section 1983 plaintiff must allege that either (1) "a state actor intentionally discriminated against the plaintiff because of membership in a protected class[,]" *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (internal quotation marks and citation omitted), or (2) the plaintiff has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment[,]" *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (characterizing the later as a "class of one," equal protection claim). Plaintiff's Complaint fails to allege either.

Although Plaintiff alleges that he is Hispanic, he has not alleged any facts that suggest a disparity of treatment on account of his race or national origin, to-wit, that he was treated less favorably than similarly situated employees—non-Hispanic detention officers called upon to perform extra translation duties. Doc. 3 at 5-6. Nor does Plaintiff allege facts that even suggest he was denied extra compensation and made to work extra hours and night shifts on account of his race or national origin. Indeed, Plaintiff's allegations only suggest that any disparate treatment or maltreatment was the result of his ability to speak Spanish and not the fact that he is Hispanic. *Cf. Chhim v. Spring Branch Indep. Sch. Dist.*, 396 F. App'x 73, 74 (5th Cir. 2010) (affirming district court's Rule 12(b)(6) dismissal because "[n]on-bilingual individuals are not a

protected class under Title VII" and "a preference, or even requirement, that employees have bilingual ability does not give rise to a discrimination claims based on national origin or race."). Plaintiff also fails to allege that Defendant "deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to [Defendant's] duties." *Williams v. Curtis*, No. 3:16-CV-151-D-BH, 2017 WL 979053, at *3 (N.D. Tex. Jan. 18, 2017) (Ramirez, J.), *adopted by* 2017 WL 976948 (N.D. Tex. Mar. 13, 2017) (Fitzwater, J.); *see Olech*, 528 U.S. at 564.

Notwithstanding the foregoing, fatal to Plaintiff's claim is that he has not pled a basis for municipal liability, as Defendant correctly notes. "[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't. of Social Services,* 436 U.S. 658, 694 (1978)). Plaintiff has not and cannot establish either element here. Plaintiff argues in his response that he "did display that Defendant has a custom and/or practice. The defendant had clearly [sic] constructive [] knowledge of its custom and/or practice." Doc. 10 at 4. However, such conclusory allegations will not suffice. Consequently, he cannot state a claim against the City of Dallas under section 1983 for alleged violation of his Constitutional right to equal protection.

Accordingly, Plaintiff's 14th Amendment equal protection claim should be dismissed for failure to state a claim.

**C. Plaintiff's Lilly Ledbetter Act Claim**

The Lilly Ledbetter Fair Pay Act of 2009 does not create a separate cause of action. *Obondi v. UT Sw. Med. Ctr.*, No. 3:15-CV-2022-B, 2017 WL 2729965, at *2 n.9 (N.D. Tex. June

6

23, 2017) (Boyle, J.). "Rather, it provides that the statute of limitations on Title VII claims based on unequal compensation begins to run anew following each receipt of unequal pay." *Id.* (citation and internal quotation marks omitted); *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 503 (Tex. 2012) ("when a claimant files a discriminatory pay claim under federal law, the 180-day limitations period begins each time a claimant receives a paycheck containing a discriminatory amount."). Thus, the Court construes Plaintiff's Lilly Ledbetter claim as a Title VII claim for pay disparity. *See Obondi*, 2017 WL 2729965, at *2 n.9. As such, it should be dismissed for failure to exhaust administrative remedies. *See supra* Part III, subpart A.

**D. Plaintiff's Breach of Contract Claim**

Plaintiff does not allege the existence of a formal employment contract with Defendant. Instead, he avers that "[t]he [p]olicies and procedures of the City formed part of [P]laintiff's employment contract" and that Defendant agreed "to pay [P]laintiff for his Spanish skills after he was tested," but never did. Doc. 3 at 7. Defendant argues that Plaintiff's breach of contract claim fails because, *inter alia*, municipalities are immune from contract suits. Doc. 7 at 23 (citing *Tooke v. City of Mexia*, 197 S.W.3d 325, 344-45 (Tex. 2006) (concluding municipalities are immune from suit for contract liability unless there is a clear and unambiguous waiver of immunity)).

Governmental immunity is the form of sovereign immunity that protects cities, as political subdivisions of the state, from lawsuits and liability. *Bell v. City of Grand Prairie*, 221 S.W.3d 317, 321 (Tex. App.—Dallas 2007). Governmental immunity may be waived by clear, unambiguous legislative enactment or by governmental entities themselves through certain actions such as bringing claims for affirmative relief in litigation. *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 375 (Tex. 2006).

Plaintiff has alleged no plausible facts that would support a finding that the City of Dallas has waived its immunity as to his contract claims. Accordingly, Plaintiff's breach of contract claim should be dismissed.

### E. Plaintiff's FSLMRA and Payday Act Claims

The FSLMRA is inapplicable in this case because the FSLMRA governs labor relations between federal employees and the federal government. 5 U.S.C. § 7101(b); *Lipscomb v. Fed. Labor Relations Auth.*, 333 F.3d 611, 615 (5th Cir. 2003). Based on the allegations in the Complaint, Plaintiff clearly was not a federal employee and the City of Dallas is not a federal entity. Accordingly, Plaintiff's FSLMRA claim should be dismissed for failure to state a legally cognizable claim.

Similarly, chapter 61 of the Texas Labor Code, otherwise known as the Payday Act, "does not apply to the United States, this state, or a *political subdivision* of this state." TEX. LAB. CODE § 61.003 (emphasis added). The City of Dallas is a political subdivision of the state of Texas. Plaintiffs allegations do not and cannot establish the applicability of the Payday Act. Thus, Plaintiff's claim under the Payday Act should be dismissed. *See City of Deer Park v. Ibarra*, No. 01-10-00490-CV, 2011 WL 3820798, at *8 (Tex. App.—Houston [1st Div.] Aug. 25, 2011) (affirming trial court's dismissal of workers' Payday Act claim against the city).

### F. Leave to Amend

"As a general rule, a court should not dismiss a *pro se* complaint without affording the plaintiff the opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, while "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," the court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009).

Here, Plaintiff's section 1983 equal protection, Title VII pay disparity, breach of contract, FSLMRA, and Payday Act claims are fatally infirm for the reasons outlined here and cannot be cured by amendment. Thus, granting leave to amend these claims would be futile and cause needless delay.

However, based on Plaintiff's response to the motion to dismiss, it is not clear that he cannot cure the deficiencies in his state and federal employment discrimination claims. Under these circumstances and mainly because Plaintiff is *pro se* and has not previously amended his complaint, he should be granted the opportunity to do so only as to those claims. *Bazrowx*, 136 F.3d at, 1054.

## IV. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss Plaintiff's Original Petition and Brief in Support*, Doc. 7, should be **GRANTED**. Plaintiff's section 1983 equal protection, Title VII pay disparity, breach of contract, FSLMRA, and Payday Act claims should be **DISMISSED WITH PREJUDICE**. Plaintiff's federal and state race and national origin employment discrimination claims should be **DISMISSED WITHOUT PREJUDICE**, and Plaintiff should be granted a reasonable period following the acceptance of this Recommendation to amend those claims to cure the deficiencies noted herein, if he can do so. If, however, Plaintiff fails to do so, his race and national origin employment discrimination claims should likewise be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on June 3, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).